IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIUS DOMANTAY,<br><br>   Petitioner,<br><br>   v.<br><br>J. BROWN,<br><br>   Respondent.<br>_____ | No. C 05-2216  MMC (PR)<br><br>**ORDER TO SHOW CAUSE** |

Petitioner, a California prisoner incarcerated at San Quentin State Prison ("SQSP") and proceeding pro se, filed the above-titled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  He has paid the filing fee.

**BACKGROUND**

In the late 1970s, petitioner, based on a conviction for first degree murder, was sentenced to a term of life in prison with the possibility of parole.  Petitioner was first eligible for a parole hearing in 1984.  In 2004, the California Board of Prison Terms ("Board") found petitioner suitable for release on parole.  Thereafter, Governor Arnold Schwarzenegger reversed the Board's decision.  Petitioner's habeas petitions at all levels of the California courts have been denied.

**DISCUSSION**

A.   Standard of Review

This Court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); Rose v. Hodges, 423 U.S. 19, 21 (1975).  A district court shall "award the writ or issue an

order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. See Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990) (quoting Blackledge v. Allison, 431 U.S. 63, 75-76 (1977)).

B.  Legal Claims

Petitioner claims that (1) the Governor's decision violates his rights under the Ex Post Facto Clause of the federal constitution; and (2) the Governor's decision was not based on "some evidence," and therefore violates his federal guarantee to due process. Liberally construed, these claims are cognizable.

**CONCLUSION**

In light of the foregoing, the Court orders as follows:

1.  The Clerk of the Court shall serve by certified mail a copy of this order and the petition, along with all attachments thereto, upon respondent and respondent's attorney, the Attorney General for the State of California. The Clerk shall also serve a copy of this order on petitioner.

3.  Respondent shall file with the Court and serve on petitioner, within 60 days of the date this order is filed, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based on petitioner's cognizable claims. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on respondent within 30 days of his receipt of the answer.

4.  In lieu of an answer, respondent may file, within 60 days of the date this order is filed, a motion to dismiss on procedural grounds, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a

1  motion, petitioner shall file with the Court and serve on respondent an opposition or statement
2  of non-opposition within 30 days of receipt of the motion, and respondent shall file with the
3  Court and serve on petitioner a reply within 15 days of receipt of any opposition.
4      5. Petitioner is reminded that all communications with the Court must be served on
5  respondent by mailing a true copy of the document to respondent's counsel.
6      6. It is petitioner's responsibility to prosecute this case. Petitioner must keep the
7  Court and respondent informed of any change of address and must comply with the Court's
8  orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure
9  to prosecute pursuant to Federal Rule of Civil Procedure 41(b).
10     7. Upon a showing of good cause, requests for a reasonable extension of time will
11 be granted as long as they are filed on or before the deadline which they seek to extend.
12 IT IS SO ORDERED.
13 DATED: October 19, 2005

_____
MAXINE M. CHESNEY
United States District Judge

**United States District Court**
For the Northern District of California