IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIUS DOMANTAY,            )<br>                                                  )<br>        Petitioner,                    )<br>                                                  )<br>    v.                                          )<br>                                                  )<br>E. YLST,                                 )<br>                                                  )<br>        Respondent.               )<br>_____ ) | No. C 05-2216 MMC (PR)<br><br>**ORDER DIRECTING RESPONDENT TO NOTIFY COURT WHETHER PETITIONER IS INCARCERATED AT SAN QUENTIN STATE PRISON; DIRECTING PETITIONER TO COMPLY WITH COURT ORDER OR FACE DISMISSAL FOR FAILURE TO PROSECUTE** |

On June 1, 2005, petitioner, a California prisoner then incarcerated at San Quentin State Prison ("SQSP") and proceeding pro se, filed the above-titled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging a 2004 decision by the Board of Prison Terms finding petitioner unsuitable for parole. On July 25, 2006, the Court granted in part and denied in part respondent's motion to dismiss the petition, and ordered respondent to file an answer showing cause why the petition should not be granted based on petitioner's cognizable claim. On September 27, 2006, respondent filed an answer to the petition; on October 12, 2006, petitioner filed a traverse.

Recently, the Court was apprised that petitioner was released on parole in February 2008. Petitioner has not notified the Court of such, however. Pursuant to the Civil Local Rules of this district, "a party proceeding *pro se* whose address changes while an action is pending must promptly file with the Court and serve upon all opposing parties a Notice of Change of Address specifying the new address." See Civ. L. R. 3-11(a). Additionally, in its

original Order to Show Cause issued in this matter on October 19, 2005, the Court informed petitioner of his continuing obligation to prosecute this action, as follows:

> It is petitioner's responsibility to prosecute this case. Petitioner must keep the Court and respondent informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

(Order, filed Oct. 19, 2005, at 3.)

Here, petitioner has not communicated with the Court since filing his traverse approximately twenty months ago, and the Court has been apprised that petitioner was released on parole more than three months ago. Consequently, it appears that petitioner has not kept the Court informed of his current address and that the action is thus subject to dismissal for failure to prosecute.

Accordingly, the Court hereby orders as follows:

Within **twenty** days of the date this order is filed, respondent shall notify the Court whether petitioner still is incarcerated at SQSP. If petitioner no longer is incarcerated at SQSP, this action will be dismissed for failure to prosecute, based on petitioner's failure to keep the Court informed of his current address.

If petitioner still is incarcerated at SQSP, he shall so notify the Court and respondent within **twenty** days of the date of this order. If petitioner fails to do so, this action will be dismissed for failure to prosecute, based on petitioner's failure to comply with the Court's orders.

The Clerk shall serve a copy of this order on petitioner at his most recent address of record at SQSP and on respondent's counsel.

IT IS SO ORDERED.

DATED: June 10, 2008

_____
MAXINE M. CHESNEY
United States District Judge

2