IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIUS DOMANTAY, ) | No. C 05-2216 MMC (PR) |
| ) Petitioner, ) | **ORDER OF DISMISSAL** |
| ) v. ) | |
| ) E. YLST, ) | |
| ) Respondent. ) | |
| _____ ) | |

On June 1, 2005, petitioner, a California prisoner then incarcerated at San Quentin State Prison ("SQSP") and proceeding pro se, filed the above-titled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging a 2004 decision by the Board of Prison Terms finding petitioner unsuitable for parole. On July 25, 2006, the Court granted in part and denied in part respondent's motion to dismiss the petition, and ordered respondent to file an answer showing cause why the petition should not be granted based on petitioner's cognizable claim. On September 27, 2006, respondent filed an answer to the petition; on October 12, 2006, petitioner filed a traverse.

Thereafter, the Court was apprised that petitioner had been released on parole; as petitioner had not communicated with the Court subsequent to the filing of his traverse, the Court determined the action was potentially subject to dismissal for failure to prosecute, based on petitioner's failure to keep the Court informed of his current address. Accordingly,

by order filed June 10, 2008, the Court directed both respondent and petitioner to inform the Court of petitioner's whereabouts, and to do so within twenty days of the date of the Court's order. (See Order, filed June 10, 2008, at 2.) In so ruling, the Court advised the parties that if respondent notified the Court that petitioner no longer is incarcerated at SQSP, the action would be dismissed for failure to prosecute, based on petitioner's failure to keep the Court informed of his current address; the Court further informed the parties that if petitioner remains incarcerated at SQSP and if he failed to so notify the Court within the twenty-day period provided, the action would be dismissed for failure to prosecute, on the alternative ground that petitioner had failed to comply with the Court's orders. (See id.) The Clerk was directed to serve a copy of the order on petitioner at his most recent address of record at SQSP. (See id.)

On June 12, 2008, the copy of the order sent to petitioner by the Clerk on June 10, 2008, was returned from SQSP as not deliverable, with the notation "2/27/08 PAROLE REG 2" on the front of the envelope. (Docket No. 14.) On June 16, 2008, a second copy of the order, sent to petitioner by the Clerk on June 11, 2008, likewise was returned from SQSP as not deliverable, with the same notation made on the envelope. (Docket No. 16.) On June 17, 2008, respondent filed a response to the Court's order; in said response, respondent states that petitioner is on parole and no longer is incarcerated at SQSP.

As petitioner no longer is incarcerated at SQSP and has failed to comply with the Court's orders to keep the Court informed of his current address, the above-titled action is hereby DISMISSED without prejudice for failure to prosecute.

The Clerk shall close the file.

IT IS SO ORDERED.

DATED: July 1, 2008

_____
MAXINE M. CHESNEY
United States District Judge

2